IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RYAN JOSEPH HOLLE,
    Petitioner,

vs.                                                      Case No.:  3:11cv436/LAC/EMT

SEC'Y, DEP'T OF CORR.,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

       Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1). On February 21, 2012, Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (docs. 8, 9, 10). Petitioner, through counsel,[1] filed a response in opposition to the motion (doc. 16). Respondent filed a reply (doc. 20). Both parties submitted supplemental argument (docs. 22, 23).

       The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.      BACKGROUND AND PROCEDURAL HISTORY

       The relevant procedural history of this case is established by the state court record (docs. 9, 10).[2] Petitioner was indicted in the Circuit Court in and for Escambia County, Florida, Case No. 2003-CF-1056, on one count of first degree premeditated or felony murder with a firearm (Count

---

[1] Petitioner's counsel, Ilana Rae Miller, filed a notice of appearance on May 15, 2012 (doc. 14).

[2] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's motion to dismiss (docs. 9, 10). If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

1), one count of burglary of an occupied dwelling with assault or battery and while armed (Count 2), and one count of robbery with a firearm (Count 3) (Ex. A at 1–3). Following a jury trial, Petitioner was found guilty of first degree felony murder as charged, burglary of an occupied dwelling with assault or battery and while armed as charged, and robbery with a firearm as charged (Ex. A at 38–39, Ex. B, Ex. C). On August 3, 2004, he was adjudicated guilty and sentenced to life imprisonment without the possibility of parole on Count 1, and concurrent terms of thirteen (13) years of imprisonment on the burglary and robbery counts, to run concurrently with the sentence on the murder count, with pre-sentence jail credit of 485 days (Ex. A at 40–48, Ex. C at 317–20).

Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D06-3707 (PD-3, Ex. D). The First DCA affirmed per curiam without written opinion on May 4, 2006, with the mandate issuing May 22, 2006 (Exs. F, G). Holle v. State, 928 So. 2d 340 (Fla. 1st DCA 2006) (Table). Petitioner did not seek further review.

On July 20, 2006, Petitioner filed a motion to correct illegal sentence, pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Ex. H at 1–13). On August 1, 2006, the state circuit court summarily denied the motion (*id.* at 14–15). Petitioner appealed the decision to the First DCA, Case No. 1D06-4607 (Ex. PD-4, Ex. I). The appellate court affirmed per curiam without written opinion on March 5, 2007, with the mandate issuing April 2, 2007 (Exs. I, J). Holle v. State, 951 So. 2d 834 (Fla. 1st DCA 2007) (Table).

On November 19, 2007, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. K at 1–24). On February 22, 2008, the state circuit court struck the motion as facially insufficient with leave for Petitioner to file a facially sufficient motion "within a reasonable time" (*id.* at 25–27). Petitioner filed an amended motion on March 25, 2008 (*id.* at 36–66). The state circuit court appointed counsel for Petitioner and held a limited evidentiary hearing on three of Petitioner's claims (Ex. K at 70–71, 186–200, Ex. L at 201–323). The court issued an order denying the motion on January 20, 2009 (Ex. L at 331–53). Petitioner appealed the decision to the First DCA, Case No. 1D10-997 (Ex. PD-5, Ex. O). The appellate court affirmed per curiam without written opinion on September 13, 2010, with the mandate issuing September 29, 2010 (Exs. R, S). Holle v. State, 43 So. 3d 695 (Fla. 1st DCA 2010) (Table).

Petitioner filed his federal habeas petition on September 13, 2011 (doc. 1).

II.    ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1). Respondent contends the appropriate statutory trigger for the limitations period is § 2244(d)(1)(A), the date Petitioner's conviction became final (doc. 8 at 2).

Petitioner contends the appropriate statutory trigger is § 2244(d)(1)(C), "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" (doc. 16 at 13–30).[3] He asserts that on March 21, 2012, the Supreme Court decided Missouri v. Frye, — U.S. —, 132 S. Ct. 1399 (2012) and Lafler v. Cooper, — U.S. —, 132 S. Ct. 1376 (2012). He contends the holdings of those cases announced a new constitutional rule that the consideration of a plea offer that either lapsed or was rejected is a critical pretrial stage in a criminal

---

[3] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

proceeding to which the Sixth Amendment right to counsel attaches (*id.* at 13–14, 15–27).[4] He contends the Supreme Court made this "new rule" retroactively applicable to cases on collateral review by expressly applying it in cases in which state prisoners sought federal habeas corpus relief (*id.* at 14–15, 27–29). Petitioner argues one of his ineffective assistance of counsel claims is based upon the same factual circumstances at issue in Lafter; specifically, but for his counsel's ineffective advice to reject a plea offer, he and the trial court would have accepted its terms, and he would have served a ten-year sentence as opposed to life without the possibility of parole (*id.* at 15). Petitioner argues that the fact that Lafler and Frye were decided after he filed his federal habeas petition is irrelevant (*id.* at 15 n.8).

Respondent contends neither Lafler nor Frye recognized a new constitutional right; rather, the Supreme Court merely applied the Sixth Amendment right to counsel, as defined in Strickland v. Washington, 466 U.S. 668 (1984), to a specific factual context (doc. 22 at 1–2). In support of this position, Respondent cites In re: Michael Perez, — F.3d —, 2012 WL 1889150 (11th Cir. May 25, 2012) (doc. 22 & attached opinion). In Perez, the Eleventh Circuit held that Frye and Lafler did not announce new rules of constitutional law for purposes of § 2255(h)(2);[5] rather, the decisions were dictated by Strickland and merely clarified that the Sixth Amendment right to effective assistance of counsel under Strickland extended to negotiation and consideration of plea offers that lapsed or were rejected Perez, 2012 WL 1889150, at *1. The Eleventh Circuit observed that any doubt as to

---

[4] In Frye, the Supreme Court held that defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration, and defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the Strickland standard. 132 S. Ct. at 1409. The Court further held that to show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, a defendant must demonstrate a reasonable probability he would have accepted the earlier plea offer had he been afforded effective assistance of counsel, and he must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. *Id.*

In Lafler, the only question addressed by the Court was the appropriate remedy where a defendant has shown that ineffective assistance of counsel caused the rejection of a plea leading to a trial and a more severe sentence. 132 S. Ct. at 1388.

[5] Section 2255(h)(2) provides that a defendant may not file a second or successive § 2255 motion in the district court unless the appropriate court of appeals certifies that the motion contains a claim that relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

Case No. 3:11cv436/LAC/EMT

whether Frye and Lafler announced new rules of constitutional law was eliminated because the Supreme Court decided the cases in the postconviction context and held that the state court decisions in both cases were "contrary to . . . clearly established Federal law," under the AEDPA, 28 U.S.C. § 2254(d)(1). *See* Perez, 2012 WL 1889150 at *2 (citing Frye, 132 S. Ct. at 1405; Lafler, 132 S. Ct. at 1383–84). The Eleventh Circuit stated, "To be 'clearly established Federal law' within the meaning of AEDPA, the rule applied in Lafler must, by definition, have been an old rule under Teague [v. Lane, 489 U.S. 288 (1989)]." Perez, 2012 WL 1889150, at *2 (quoting 28 U.S.C. § 2254(d)(1)).

Petitioner argues the Perez court did not have the benefit of the controlling Supreme Court authority he (Petitioner) provided to this court, because Mr. Perez did not cite them in his argument that Lafler and Frye announced a new constitutional rule (doc. 23). For example, the Perez court did not consider Beard v. Banks, 542 U.S. 406 (2004), which held that if, in the opinion of dissenting Supreme Court justices, the majority's decision departs from prior precedent, the decision announces a new rule (*id.*).

In light of Perez, the undersigned concludes Lafler and Frye did not recognize a new constitutional right for purposes of § 2244(d)(1)(C). Therefore, Petitioner failed to demonstrate that § 2244(d)(1)(C) is the appropriate statutory trigger for the federal limitation period.

Petitioner does not argue he was prevented from filing his federal petition by State action in violation of the Constitution or laws of the United States, *see* § 2244(d)(1)(B), or that he could not have discovered, with due diligence, the factual predicate of his claims prior to the date his conviction became final, *see* § 2244(d)(1)(D). Therefore, the statute of limitations will be measured from the remaining statutory trigger, that is, the date the judgment became final, pursuant to § 2244(d)(1)(A).

The First DCA affirmed the judgment on May 4, 2006. Petitioner did not seek further review; therefore, his conviction became final upon expiration of the ninety-day period for doing so, August 3, 2006. *See* Chavers v. Secretary, Florida Dept. of Corrections, 468 F.3d 1273, 1274–75 (11th Cir. 2006) (judgment of conviction becomes "final" after the expiration of the ninety-day period in which the petitioner could have filed a petition for a writ of certiorari, which begins to run on the date of the appellate court's affirmance of the conviction, not the date of the appellate court's

mandate).  Petitioner had one year from that date, or until August 3, 2007, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)). Petitioner did not file his federal petition on or before that date; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

On July 20, 2006, before the limitations period began to run, Petitioner filed a Rule 3.800(a) motion.  Respondent does not dispute this was a tolling motion (doc. 8 at 2).  The motion was pending until April 2, 2007, upon issuance of the First DCA's mandate affirming the lower court's decision.  *See* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court).

On November 19, 2007, after **230 days** of the federal limitations period expired, Petitioner filed a Rule 3.850 motion.  Respondent concedes this was a tolling motion (doc. 8 at 2).  The postconviction application was pending until September 29, 2010, upon issuance of the First DCA's mandate affirming the lower court's decision.  The federal limitations period expired **135** days later, on February 12, 2011 (**230 + 135 = 365**).  Petitioner's federal petition, filed September 13, 2011, was thus untimely.

Petitioner does not allege any other grounds for tolling of the limitations period, nor does he allege he is entitled federal review of his claims through any recognized exception to the time bar. Therefore, the § 2254 petition should be dismissed with prejudice as time-barred.

III.     CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing

required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (doc. 8) be **GRANTED**.

2. That the petition for writ of habeas corpus (doc. 1) be **DISMISSED with prejudice** as untimely.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 27th day of June 2012.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**